Steven Tindall, CSB #187862
Email: smt@classlawgroup.com
GIBBS LAW GROUP LLP
505 14th Street, Suite 1110
Oakland, California 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701

Beth E. Terrell, SBN #178181
Email: bterrell@terrellmarshall.com
Jennifer Rust Murray, *Pro Hac Vice Forthcoming*
Email: jmurray@terrellmarshall.com
Adrienne D. McEntee, *Pro Hac Vice Forthcoming*
Email: amcentee@terrellmarshall.com
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiff and Proposed Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHI SCHLOSS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GOSMITH, INC.,<br><br>Defendant. | NO.<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C. § 227**<br><br>DEMAND FOR JURY |

Plaintiff Cathi Schloss (hereinafter "Plaintiff"), by her undersigned counsel, for this class action Complaint against Defendant GoSmith, Inc., and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities, alleges as follows:

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C. § 227 - 1

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# I. INTRODUCTION

1. <u>Nature of Action</u>. Plaintiff Cathi Schloss, individually and as class representative for all similarly situated persons, brings this action against GoSmith for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA").

# II. PARTIES

2. Plaintiff Cathi Schloss is a citizen of the state of Michigan, residing in Macomb County, Michigan.

3. Defendant GoSmith, Inc. ("GoSmith") is a Delaware corporation with its headquarters in Menlo Park, California. GoSmith conducts business online throughout the United States and is registered to do business in California, Delaware, and Washington.

# III. JURISDICTION AND VENUE

4. <u>Subject Matter Jurisdiction</u>. This Court has subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's TCPA claims arise under the laws of the United States, specifically 47 U.S.C. § 227. Furthermore, this Court has original jurisdiction over Plaintiff's claims pursuant to the "Class Action Fairness Act," 28 U.S.C. §§ 1332(d), 1435. While it is anticipated that neither Plaintiff nor any individual class member's claims exceeds $75,000, the aggregate amount in controversy for the Class exceeds $5 million exclusive of interest and costs, and Plaintiff is a citizen of a different state from Defendant.

5. <u>Personal Jurisdiction</u>. This Court has personal jurisdiction over GoSmith because it has submitted to California jurisdiction by registering with the Secretary of State to do business in this state, and a substantial part of the wrongful acts alleged in this Complaint were committed in the State of California.

6. <u>Venue</u>. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because GoSmith is headquartered in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C. § 227 - 2

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227**

7. In 1991 Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

8. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

9. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

10. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

11. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C. § 227 - 3

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

12. The FCC regulations also "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 92-90, Memorandum and Order, 10 F.C.C. Rcd. 12391, 12397 ¶ 13 (1995).

13. The FCC confirmed this principle in 2013, when it explained that "a seller . . . may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *See In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6574 (2013).

### IV. SHORT MESSAGE SERVICES ("SMS")

14. In recent years, marketers who have often felt stymied by federal laws limiting solicitation by telephone, fax machine, and email have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

15. One of the most prevalent alternatives is bulk advertising through so-called Short Message Services. Short Message Services, or "SMS," is a messaging system that allows for the transmission and receipt of short text messages (usually no more than 160 characters) to and from cellular telephones.

16. SMS messages are directed to a cellular device using the telephone number assigned to the device. When an SMS message is successfully made, the recipient's cellular telephone rings, alerting him or her that a message has been received.

17. As cellular telephones are inherently mobile and are frequently carried on their owner's person, SMS messages may be received by the called party virtually anywhere in the world.

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C. § 227 - 4

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL.  206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

18. According to a recent study conducted by the Pew Research Center, "[s]pam isn't just for email anymore; it comes in the form of unwanted text messages of all kinds – from coupons to phishing schemes – sent directly to user's cell phones."[1] In fact, "57% of adults with cell phones have received unwanted or spam text messages on their phone."[2]

19. Unlike more conventional advertisements, SMS message advertisements can actually cost their recipients money because cellular telephone users must pay their service providers either for each text message call they receive or incur a usage allocation deduction to their text messaging plan, regardless of whether the message is authorized.

20. A text message is a "call" within the TCPA. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009); *see also In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 19 F.C.C. Rcd. 15927, 15934 (2004) (confirming that the "prohibition on using automatic telephone dialing systems to make calls to wireless phone numbers applies to text messages (e.g. phone-to-phone SMS), as well as voice calls[]").

## V. FACTUAL ALLEGATIONS

### A. Factual Allegations Regarding Defendant

21. Defendant GoSmith owns and operates www.gosmith.com and owns and/or operates mobile applications "Smith Pro: Invoice & Estimates" and "Smith Home Remodel & Repair" which are online platforms designed to connect home improvement contractors with consumers, or "leads."

22. GoSmith communicates with both consumers and home improvement contractors via telephone, text message, email, and other methods of communication.

23. GoSmith relies on referrals to home improvement contractors and charges the contractors a fee for each connection with a consumer that leads to a scheduled appointment.

---

[1] Amanda Lenhart, Cell Phones and American Adults: They Make Just as Many Calls, but Text Less than Teens, Pew Research Center (2010), http://www.pewinternet.org/Reports/2010/Cell-Phones-and-American-Adults.aspx (last visited January 15, 2015).
[2] *Id.*

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C. § 227 - 5

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

GoSmith assigns a credit value for scheduled appointments, ranging on a scale from one to eight, with a value of 1 being allocated to the smallest jobs and 8 being allocated to the largest jobs.

24. GoSmith generates its income by charging contractors $8.00 per credit for any scheduled appointments. Small jobs that were allocated a credit value of one would only cost the contractor $8.00, but a job with a credit value of eight would cost the contractor $64.00. Alternatively, contractors can purchase credits from GoSmith to obtain a "guaranteed connection" with a consumer.

25. GoSmith makes, either directly or through third parties, SMS calls using automatic telephone dialing system ("ATDS") equipment and software to cellular telephones whose owners have not provided prior express consent to receive such calls ("Spam Texts"), including Plaintiff.

26. To the extent that GoSmith hires third parties to send Spam Texts on its behalf, GoSmith is legally responsible for ensuring that third parties' activities comply with the TCPA.

27. The FCC concurs that businesses such as GoSmith may not avoid liability by outsourcing telemarketing because doing so "would leave consumers in many cases without an effective remedy for telemarketing intrusions." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6588 (2013).

28. Under the standards outlined in the FCC's Order, and by other Courts interpreting that Order, and to the extent that GoSmith hired third parties to send Spam Texts on its behalf, GoSmith is directly liable to Plaintiff and members of the Class as well as vicariously liable through theories of agency such as actual authority and ratification.

**B.    Factual Allegations Regarding Plaintiff**

29. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

30. Plaintiff is the account holder of a T-Mobile cellular telephone, number (586) xxx-1544.

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C. § 227 - 6

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL.  206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

31. Beginning on October 1, 2015, Plaintiff began receiving Spam Texts from or on behalf of GoSmith on Plaintiff's cellular telephone.

32. Plaintiff's cellular telephone number has been registered with the National Do Not Call Registry since December 2004.

33. As of August 25, 2017, Plaintiff had received numerous Spam Texts from or on behalf of GoSmith from at least 12 different telephone numbers.

34. On August 25, 2017, Plaintiff filed a Complaint and Jury Demand against Defendants for TCPA violations in the U.S. District Court for the Eastern District of Michigan in a matter captioned *Cathi Schloss v. GoSmith, Inc. Friend Trusted, Inc. Brenton Marrelli, Darwin Widjaja, Matthew Ehrlichman, and Chris Larson*, Dkt. No.2:17-cv-12809 ("*Schloss*").

35. The parties in *Schloss* resolved the matter concerning all of GoSmith's TCPA violations up to and through the filing of the complaint and filed a Joint Notice of Settlement on October 20, 2017.

36. On November 15, 2017, the Honorable Terrence G. Berg signed an Order of Dismissal dismissing the suit with prejudice.

37. On June 25, 2018, for the first time since the settlement in *Schloss*, Plaintiff received a Spam Text on her cellular telephone from, or on behalf of, GoSmith.

38. The Spam Text read: "Hi, a homeowner in Roseville is looking for an estimate for hvac install. You have 1st priority. Reply 1 if interested, 3 if not"

39. The Spam Text is just one example of the numerous Spam Texts Plaintiff has received from, or on behalf of, GoSmith that are similar in form and content. Specifically, Plaintiff received two texts on June 25, 2018, two texts on June 26, 2018, one text on July 2, 2018, one text on August 30, 2018, and one text on September 5, 2018.

40. Plaintiff never registered with GoSmith to set up an account or receive its services. Plaintiff never entered any information on GoSmith's website. Plaintiff never received a job lead through the GoSmith's website.

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C. § 227 - 7

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

41. Plaintiff did not at any time provide prior express written consent to receive Spam Texts on her cellular telephone from, or on behalf of, GoSmith.

42. Plaintiff's privacy has been violated by the above-described Spam Texts from, or on behalf of, GoSmith, and they constitute a nuisance as they are annoying and harassing.

43. GoSmith is responsible for sending the above-described Spam Texts.

44. GoSmith has sent a significant number of Spam Texts to persons on their cellular telephones throughout the entire United States.

45. GoSmith intends to continue to send similar Spam Texts to persons on their cellular telephones throughout the entire United States.

46. Plaintiff and all members of the Class, defined below, have been harmed by the acts of GoSmith because their privacy has been violated, they were subjected to annoying and harassing Spam Texts that constitute a nuisance and they were charged for incoming messages. Furthermore, every Spam Text used some of the recipient's time and mental energy, both of which are precious.

C. **Factual Allegations Regarding Consumer Complaints**

47. Unfortunately, Plaintiff's experience with GoSmith is not unique, as many others have lodged similar complaints after having received Spam Texts from GoSmith and/or Friend.

48. For example, consumers have lodged complaints on the Better Business Bureau's website and Twitter regarding Spam Texts from GoSmith, including the following:

> 11/03/17
> Nicholas R.
> **Negative**
>
> Never signed up and they continue to solicit by text messages using different numbers, very unprofessional, would never use a hack company

Better Business Bureau, https://www.bbb.org/losangelessiliconvalley/business-reviews/contractor-referral/smith-dba-gosmithcom-in-sunnyvale-ca-411822/reviews-and-complaints (last visited July 18, 2018).

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C. § 227 - 8

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com



Id.



Better Business Bureau, https://www.bbb.org/us/ca/sunnyvale/profile/contractor-referral/smith-dba-gosmithcom-1216-411822/complaints.



Twitter, https://twitter.com/SacAppraiser/status/989248146084581376 (last visited July 18, 2018).

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C. § 227 - 9

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## VI.  CLASS ACTION ALLEGATIONS

49.   <u>Class Definition</u>.  Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this case as a class action on behalf of the National Class defined as follows:

> All persons in the United States to whom: (a) GoSmith and/or a third party acting on GoSmith's behalf, sent one or more text messages; (b) promoting GoSmith's products or services; (c) to their cellular telephone number; (d) through the use of an automatic telephone dialing system; (e) at any time in the period that begins four years before the date of filing this Complaint to trial; and (f) never registered with GoSmith.

Excluded from the National Class are GoSmith, any entity in which GoSmith has a controlling interest or that has a controlling interest in GoSmith, and GoSmith's legal representatives, assignees, and successors.  Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

50.   <u>Numerosity</u>.  The Class is so numerous that joinder of all members is impracticable.  Upon information and belief, Plaintiff alleges that the Class has thousands of members.  Moreover, the disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

51.   <u>Commonality</u>.  There are numerous questions of law and fact common to Plaintiff and members of the Class.  These common questions of law and fact include, but are not limited to, the following:

a.   Whether GoSmith and/or their affiliates, agents, and/or other persons or entities acting on GoSmith's behalf violated 47 U.S.C. § 227(b)(1)(A) by sending Spam Texts to the cellular telephone numbers of Plaintiff and the Class;

b.   Whether the equipment that GoSmith used to send Spam Texts is an automatic telephone dialing system as defined by the TCPA;

c.   Whether GoSmith and/or their affiliates, agents, and/or other persons or entities acting on GoSmith's behalf knowingly and/or willfully violated 47 U.S.C.

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C. § 227 - 10

**Terrell Marshall Law Group PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL.  206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

§ 227(b)(1)(A) by sending Spam Texts to the cellular telephone numbers of Plaintiff and the Class, thus entitling Plaintiff and the Class to treble damages;

        d.    Whether GoSmith is liable for Spam Texts promoting GoSmith's products or services made by GoSmith's affiliates, agents, and/or other persons or entities acting on GoSmith's behalf; and

        e.    Whether GoSmith and/or its affiliates, agents, and/or other persons or entities acting on GoSmith's behalf should be enjoined from violating the TCPA in the future.

52.    **Typicality**.  Plaintiff's claims are typical of the claims of the Class. Plaintiff's claims, like the claims of the Class, arise out of the same common course of conduct by GoSmith and are based on the same legal and remedial theories.

53.    **Adequacy**.  Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation, including consumer class actions and TCPA class actions. Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel has interests that are contrary to or that conflict with those of the proposed Class.

54.    **Predominance**.  GoSmith has engaged in a common course of conduct toward Plaintiff and members of the Class. The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

55.    **Superiority**.  A class action is the superior method for the fair and efficient adjudication of this controversy. Classwide relief is essential to compel GoSmith to comply with the TCPA. The interest of individual members of the Class in individually controlling the prosecution of separate claims against GoSmith is small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C. § 227 - 11

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

are all automated. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

56. <u>Injunctive and Declaratory Relief Appropriate</u>. GoSmith has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a classwide basis. Moreover, on information and belief, Plaintiff alleges that the Spam made by GoSmith and/or their affiliates, agents, and/or other persons or entities acting on GoSmith's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

## VII.  FIRST CLAIM FOR RELIEF
**(Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A))**

57. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

58. The foregoing acts and omissions of GoSmith and/or its affiliates, agents and/or other persons or entities acting on GoSmith's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by sending Spam Texts to the cellular telephone numbers of Plaintiff and members of the Class.

59. As a result of GoSmith's and/or its affiliates, agents and/or other persons or entities acting on GoSmith's behalf's violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every Spam Text sent to their cellular telephone numbers in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

60. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting GoSmith and/or its agents, affiliates, and/or other persons or entities acting on GoSmith's behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by sending Spam Texts, except for emergency purposes, to any cellular telephone numbers in the future.

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C. § 227 - 12

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL.  206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# VIII.  SECOND CLAIM FOR RELIEF
### (Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A))

61. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

62. The foregoing acts and omissions of GoSmith and/or its affiliates, agents and/or other persons or entities acting on GoSmith's behalf constitute numerous and multiple knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by sending Spam Texts to the cellular telephone numbers of Plaintiff and members of the Class.

63. As a result of GoSmith's and/or its affiliates, agents and/or other persons or entities acting on GoSmith's behalf's knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff and members of the Class are entitled to treble damages of up to $1,500 for each and every Spam Text sent to their cellular telephone numbers in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

64. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting GoSmith and/or its agents, affiliates, and/or other persons or entities acting on GoSmith's behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by sending Spam Texts to any cellular telephone numbers in the future.

## IX.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on her own behalf and on behalf of the members of the Class, prays for judgment against GoSmith as follows:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that GoSmith and/or its affiliates, agents and/or other related entities' actions complained of herein violate the TCPA;

E. An order enjoining GoSmith and/or its affiliates, agents and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C. § 227 - 13

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL.  206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

F. An award to Plaintiff and the Class of damages, as allowed by law;

G. An award to Plaintiff and the Class of attorneys' fees and costs, as allowed by law and/or equity;

H. Leave to amend this Complaint to conform to the evidence presented at trial; and

I. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## XI. DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this 6th day of January, 2020.

TERRELL MARSHALL LAW GROUP PLLC


By: /s/ Beth E. Terrell, CSB #178181
Beth E. Terrell, CSB #178181
Email: bterrell@terrellmarshall.com
Jennifer Rust Murray, *Pro Hac Vice Forthcoming*
Email: jmurray@terrellmarshall.com
Adrienne D. McEntee, *Pro Hac Vice Forthcoming*
Email: amcentee@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

Steven Tindall, CSB #187862
Email: smt@classlawgroup.com
GIBBS LAW GROUP LLP
505 14th Street, Suite 1110
Oakland, California 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C. § 227 - 14

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL.  206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Ian B. Lyngklip *Pro Hac Vice Forthcoming*
Email: Ian@consumerlawyers.com
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
24500 Northwestern Hwy, Ste 206
Southfield, MI 48075
Telephone: (248) 208-8864
Facsimile: (248) 208-9073

Sylvia S. Bolos *Pro Hac Vice Forthcoming*
Email: sylviab@consumerlawyers.com
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
24500 Northwestern Hwy, Ste 206
Southfield, MI 48075
Telephone: (248) 208-8864
Facsimile: (248) 208-9073

*Attorneys for Plaintiff and the Proposed Class*

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF FOR VIOLATION OF 47 U.S.C. § 227 - 15

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com